## LAMBERT, Respondent, *v.* SLADE & LAMBERT, Appellants.

The declaration was for money loaned, and set out a draft drawn by defendants on a house in Boston, which, it avers was drawn with the understanding that plaintiff should pay the same, and that he did pay the same; but did not aver that after paying the draft, he cancelled it, and delivered it up to the defendant. Held, that the defects were fatal in this form of action.

APPEAL from the Superior Court of San Francisco.

The declaration in this case was as follows:—

"City and County of San Francisco, *ss.*

"The above named plaintiff, complaining against the above named defendants, avers, that in or about the month of February, 1852, the defendants were doing business under the style and firm of Slade, Lambert & Co., in this city, and as such firm, they did in said month, draw their draft in writing on the firm of A. A. Lawrence & Co., of Boston, in the State of Massachusetts, one day after sight, for the sum of $2500, and the plaintiff avers that said draft was drawn on said firm of A. A. Lawrence & Co., with the understanding that said plaintiff should pay the same; and the plaintiff avers that he did pay the said $2500 on said draft, which said sum the defendants received as a loan from this plaintiff. And the plaintiff avers that said defendants, although often requested, refused and still refuse to pay the same or any part thereof, and the same now remains due with interest. The plaintiff therefore demands judgment for said sum of $2500, and interest, besides costs of suit."

A judgment was entered for plaintiff in the suit, from which defendants appealed.

*Brooks, Martin,* and *M'Crackin,* for appellants.

The complaint does not set forth sufficient facts to show a cause of action; it does not aver a promise of defendants; nor a transfer of the draft; nor a protest nor acceptance supra protest. The defendants would not be protected from a suit in favor of A. A. Lawrence, nor this be a bar to an action for the same cause.

*Cook,* for respondent, insisted that the proceedings were regular.

HEYDENFELDT, Justice, delivered the opinion of the court. MURRAY, Chief Justice, concurred.

The declaration cannot maintain the judgment.

The count is for money loaned, but the recital of facts, which it contains, shows that the plaintiff for the money advanced became the purchaser of the draft, and for aught that appears to the contrary, is still the holder of it. The suit should therefore have been upon the draft, which, it seems, is yet an outstanding liability of the defendants. The plaintiff, in order to recover in the present form of his action, must allege and prove that after paying the draft, he cancelled it, and delivered it up to the defendants. Without this the declaration is fatally defective.

*Judgment reversed, and cause remanded.*

A petition was presented to the court for a rehearing in this case, and it was ordered, December 13, 1853, " that all proceedings be stayed until the same can be heard and determined on."